Alla Gulchina SBN: 307014
**Price Law Group, APC**
86 Hudson Street
Hoboken, NJ 07030
T. 818-600-5566
alla@pricelawgroup.com
*Attorney for Plaintiff,*
*Rebecca Gottschalk*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA GOTTSCHALK, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT ONE BANK, N.A., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT FOR DAMAGES

Plaintiff, Rebecca Gottschalk ("Plaintiff"), through her attorneys, alleges the following against Credit One Bank, N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute

that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270 *et seq*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 *et seq,* which prohibits unfair or deceptive acts or practices.

4. Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq., 28 U.S.C. § 1331.

6. Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.

7. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendants transact business here, therefore, personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in the County of Butler, State of Pennsylvania.

10. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 and a "person" as defined by 73 P.S. §201-2(2).

11. Defendant is a creditor engaged in the business of loan servicing with its principal place of business located in Las Vegas, NV. Defendant can be served with process at 6901 S. Cimarron Road, Las Vegas, NV 89113.

12. Defendant engages in the practice of lending and collection of funds owed to it and is a creditor as defined by 73 P.S. § 2270.3 and sought to collet a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

13. Defendants are attempting to collect a debt from Plaintiff.

14. In an attempt to collect an alleged debt, in or around October 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 5774.

15. The calls placed by Defendant mainly originated from phone numbers: (412) 785-2914, (412) 785-2868, (412) 785-2861, (412) 785-2921, (412) 785-2810, (878) 999-8857, (412) 785-2817, (412) 291-9528, (412) 291-9578, (412) 291-9689, (412) 291-9541, (412) 291-9702, (412) 291-9542, (412) 291-9592, (412) 785-1313, (412) 785-1344, and (412) 785-1282.

16. On or about October 3, 2018, at 11:30 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Credit One account.

18. Plaintiff explained she could not make a payment because she was in the process of switching jobs and requested to be contacted in writing only and not to be called any further.  Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

19. Between October 4, 2018 and December 16, 2018, Defendant called Plaintiff no less than four hundred and twenty-four (424) times.

20. On or about December 17, 2018 Plaintiff answered a second collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

21. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Credit One account.

22. Plaintiff again explained she could not make a payment because she was experiencing financial hardships and requested that all future contact be in writing only and not to be called any further.

23. Plaintiff's phone would often ring between one (1) and nine (9) times a day with calls from Defendant.

24. For example, Defendant called Plaintiff eight (8) times on October 11, 2018, November 19, 2018, December 7, 2018, and nine (9) times on December 11, 2018.

25. Defendant also called Plaintiff seven (7) times in a day on more than twenty (20) separate days, and six (6) times in a day on more than fifteen (15) separate days;

26. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

27. For example, Defendant called Plaintiff at 11:20 a.m. (October 4, 2018), 11:15 a.m. (October 5, 2018), 11:35 a.m. (October 10, 2018), 11:00 a.m. (October 11, 2018), and 11:28 a.m. (October 19, 2018).

28. Plaintiff works two jobs to support herself and her ailing mother.

29. Plaintiff's second job is overnight which requires her to sleep during the day. On numerous occasions Defendant's calls disrupted her sleep.

30. Plaintiff also suffers from high blood pressure, high cholesterol and hyperthyroidism; all conditions which require medication and are exacerbated by stress.

31. The frequency and volume of the calls initiated by the Defendant routinely cause disruption to her work and personal life.

32. Defendant's incessant calls not only induced stress, but also caused increased anxiety due to the daily calls to her cellular phone.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made

    for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

  (b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

36. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270)**

37. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

38. Defendant violated the FCEUA. Defendant's violation includes, but are not limited to, the following:

   (a) Defendant violated FCEUA P.S. 73 § 2270.4(b)(2)(i) which prohibits contact "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer;

   (b) Defendant violated FCEUA P.S. § 2270.4(b)(4)(v) which prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number"; and

   (c) Defendant violated FCEUA P.S. § 2270.4 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of…Title 15 of the United States Code (Fair Debt Collection Practices Act).

      (i)     Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

      (ii)    Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      (iii)    Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

39. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the foregoing violations of the FCEUA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the FCEUA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**(Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated in herein.

42. Defendant violated the UTPCPL. Defendant's violation includes, but are not limited to the following:

    (a) Defendant violated UTPCPL P.S. § 201-2(4)(xxi) by engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

43. Defendant called Plaintiff from different telephone numbers with her local area code in order to create a perception that it was a local caller in order to force Plaintiff to answer the phone.

44. As a result of the foregoing violations of the UTPCPL, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the UTPCPL, actual damages, and attorneys' fees and costs.

## COUNT IV
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

45. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

46. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   (a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   (b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   (c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rebecca Gottschalk, respectfully requests judgment be entered against Defendant, Credit One Bank, N.A., for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C) and 73 P.S. § 2270.5(c);

C. Actual damages pursuant to 73 P.S. § 2270.5(c);

D. Actual and punitive damages resulting from the invasion of privacy;

E. Costs and reasonable attorneys' fees pursuant to 73 P.S. § 201-9.2(a);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

**PRICE LAW GROUP, APC**

1  Date: March 11, 2019					By:	/s/Alla Gulchina
2								Alla Gulchina (SBN 307014)
3								86 Hudson Street
								Hoboken, NJ 07030
4								T: (818) 600-5566
								F: (818) 600-5466
5								E: alla@pricelawgroup.com
								*Attorney for Plaintiff,*
6								*Rebecca Gottschalk*